ON RESPONDENT’S MOTION FOR CLARIFICATION

PER CURIAM.
We grant respondent Donovan Marine’s motion for clarification, withdraw our opinion issued March 2, 2011, and replace it with the following opinion.
Petitioner, Daniel Delmonico, seeks cer-tiorari review of an order denying his motion for a protective order. Respondent, Donovan Marine, Inc., sought financial discovery of both petitioner and non-parties “in aid of execution” of an award of attorney’s fees. See Fla. R. Civ. P. 1.560.
Respondent asserts that this court, in a separate related case, ordered petitioner to pay attorney’s fees, in accordance with section 768.79, Florida Statutes. However, as a determination has not yet been made by the trial court as to the amount of those fees, we agree with petitioner that he may be irreparably harmed if forced to reveal financial information where no judgment has yet been entered. See Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So.2d 189, 194 (Fla.2003) (general rule is that financial information is ordinarily discoverable only in aid of execution after judgment).
Thus, we find that the trial court departed from the essential requirements of law when it prematurely allowed discovery in aid of execution of a non-existent judgment. See, e.g., In re Estate of Posner, 492 So.2d 1093, 1093 (Fla. 3d DCA 1986) (finding “the probate court departed from the essential requirements of law when it permitted contingent creditors to take prejudgment discovery in aid of execution”).
We accordingly grant the petition for writ of certiorari and quash the order which denied petitioner s motion for a protective order.

Petition Granted; Order Quashed.

STEVENSON, DAMOORGIAN and GERBER, JJ., concur.